UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| AUSTRALIAN GOLD, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LILY OZELL,<br><br>Defendant. | ) | No. 1:26-cv-02377-JRS-MKK |

**Temporary Restraining Order**

Plaintiff Australian Gold, LLC, moves for a temporary restraining order against its former employee, Defendant Lily Ozell. It asks the Court: to enjoin Ozell from having in her possession, using, or disclosing Australian Gold's trade secrets, to prohibit her from breaching her confidentiality agreement, to require her to identify and return all confidential information taken and to obtain independent verification of her compliance with this requirement. Ozell received notice of the motion and responded through counsel. Having considered Australian Gold's Complaint, its Motion for Temporary Restraining Order, and the parties' briefs and accompanying evidence, the Court finds that the evidence establishes the elements necessary to issue a temporary restraining order.

The Court concludes that Australian Gold is likely to succeed on the merits of its breach of contract and trade secrets claims. It is undisputed that Ozell took hundreds of documents from Australian Gold before going to work for a competitor. Australian Gold also submitted evidence suggesting Ozell deleted those hundreds of files from

Australian Gold's servers. Those facts strongly suggest that Ozell has improperly acquired—and is likely to improperly disclose—Australian Gold's confidential information in violation of her contract and in violation of trade secret law. Further, unless Ozell is immediately restrained, Australian Gold is likely to suffer irreparable harm for which there is no adequate remedy at law, such as disclosure of its confidential information. Money damages seemingly cannot adequately compensate that type of loss. The balance of equities and public interest also support the issuance of a TRO, as Ozell will suffer little harm from the imposition of this narrow TRO and as the public has an interest in enforcement of contracts and protection of trade secrets. A temporary restraining order is therefore necessary to preserve the status quo pending a preliminary injunction hearing.

It is therefore **ORDERED** that Ozell is:

1. **Enjoined** from having in her possession, custody, or control and from directly or indirectly using or disclosing Australian Gold's trade secrets, confidential, and proprietary information and other property;
2. **Prohibited** from breaching her Confidentiality & Intellectual Property Agreement on October 9, 2023, by using or disclosing Australian Gold's Confidential Information, as defined therein;
3. **Required**, by no later than **December 15, 2026**, to identify all trade secrets, confidential, and proprietary information that she deleted from Australian Gold's computers and computer systems and to identify and return to Australian Gold all trade secret, confidential, and proprietary information and

any other property that she took or copied from the Australian Gold. She is likewise **required** to obtain independent verification of her compliance with these requirements by no later than **December 15, 2026**.

It is further **ORDERED** that Australian Gold shall deposit with the Clerk of this Court security in the amount of $5,000.

This temporary restraining order shall expire at midnight on **December 23, 2026,** unless further extended by the Court pursuant to Federal Rule of Civil Procedure 65.

**SO ORDERED.**

Date: 11/25/2026

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Justin A Allen
Ogletree Deakins Nash Smoak & Stewart, P.C.
justin.allen@ogletree.com

Malak Christian Mercho
Mercho Strzynski LLP
chris@msfirm.law

Christopher C. Murray
Ogletree Deakins
christopher.murray@ogletree.com